**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Kim G. Phillips, )<br>            )<br>        Plaintiff, )<br>            )<br>    v.    )<br>            )<br>Clarendon County School District f/k/a )<br>Clarendon County School District 4 f/ka )<br>Clarendon County School District 3, )<br>            )<br>        Defendant. )<br>_____) | C.A. No.<br><br>**COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Kim G. Phillips ("Plaintiff") brings this Complaint against Defendant Clarendon County School District f/k/a Clarendon County School District 4 and Clarendon School District 3 ("Defendant") based on the allegations set forth below.

## PARTIES

1. Plaintiff is a citizen and resident of Florence County, South Carolina.

2. Defendant is a political subdivision of the State of South Carolina with a defined geographical area with its principal place of business in Clarendon County, South Carolina. Upon information and belief, Clarendon County School District 3 consolidated with other South Carolina school districts to form Clarendon County School District 4, and subsequently, Clarendon County School District 4 consolidated with additional South Carolina school districts to form Clarendon County School District.

3. At all times relevant to this Complaint, Defendant has been an employer engaged in commerce or in an industry or activity affecting commerce and has employed at least fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

## JURISDICTION

4. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act ("ADEA").

5. This Court has subject-matter jurisdiction over Plaintiff's ADEA claims.

6. This Court has personal jurisdiction over Defendant because (1) the unlawful practices alleged in this Complaint were committed within the jurisdiction of this Court and within this District.

## VENUE

7. Venue is proper in this division because Defendant conducts business in Clarendon County; Plaintiff worked in Clarendon County while she was employed by Defendant; and the acts or omissions that are the subject of this action occurred in Clarendon County.

## FACTS

8. At all times relevant to this complaint, Plaintiff performed at or above her expected job performance standards.

9. Plaintiff began working for Defendant in 1985, at which time she was placed as the Physical Education Teacher at Walker Gamble Elementary School.

10. Plaintiff worked as the Physical Education Teacher at Walker Gamble Elementary School for thirty-six (36) years.

11. Plaintiff met with personnel on or about February 10, 2021, regarding the advertisement of her position upon the aforementioned consolidations.

12. Upon information and belief, Plaintiff's meeting with personnel occurred only after the then superintendent, Dr. Angela Bane, met with working retirees and advised them not to worry because their jobs were safe.

13. The Physical Education Teacher position for which Plaintiff applied was the same position she worked for thirty-six (36) years.

14. Plaintiff applied for and interviewed for the Physical Education Teacher position at Walker Gamble Elementary School.

15. Upon information and belief, Plaintiff was interviewed by a panel of four (4) individuals without reasonable notice.

16. Upon information and belief, other interviewees of Defendant had one-on-one interviews with reasonable advance notice of the time and date of the scheduled interviews.

17. Plaintiff was not hired for the Physical Education Teacher position at Walker Gamble Elementary School, despite being the most qualified candidate.

18. Plaintiff was fifty-seven (57) years old at the time she was not hired for the position.

19. Plaintiff was replaced by a less qualified individual, who was much younger and less experienced.

### FOR A FIRST CAUSE OF ACTION
### (Violation of the Age Discrimination in Employment Act)

20. Plaintiff incorporates all allegations above into this cause of action.

21. Plaintiff was fifty-seven (57) years old at the time of her termination from Walker Gamble Elementary School.

22. At the time of her termination, she had been performing her duties in a satisfactory manner.

23. Defendant's actions in terminating Plaintiff and replacing her with a younger person are pretextual and false reasons.

24. Defendant's actions have caused Plaintiff damages, including lost wages, lost commissions, and employment benefits.

25. Plaintiff is entitled to an award of damages, liquidated damages, and attorneys' fees.

## FOR A SECOND CAUSE OF ACTION
**(Violation of the Age Discrimination in Employment Act)**

26. Plaintiff incorporates all allegations above into this cause of action.

27. Plaintiff was told she could reapply for her former position by Defendant.

28. Plaintiff applied for the position and was the most qualified applicant.

29. Plaintiff was not hired for the position.

30. The person hired for the position was less qualified than Plaintiff and much younger and less experienced person.

31. Defendant's reasons for replacing her with a younger person are pretextual and false reasons.

32. Defendant's actions have caused Plaintiff damages, including lost wages, lost commissions, and employment benefits.

33. Plaintiff is entitled to an award of damages, liquidated damages, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully set forth his complaint, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

a. Award Plaintiff all compensation and benefits due that were lost as a result of Defendant's unlawful employment practices, including but not limited to lost wages and commissions in the form of back and front pay, bonuses, health insurance and life insurance benefits, pre-judgment interest, and other benefits in amounts to be determined at trial;

b. Award Plaintiff liquidated damages equal to the backpay damages;

    c.    Award Plaintiff compensatory damages, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial;

    d.    Award Plaintiff punitive damages for Defendant's malicious and reckless conduct as described above in amounts to be determined at trial;

    e.    Award Plaintiff equitable relief in the form of reinstatement to a comparable position and salary;

    f.    Award Plaintiff her attorney's fees and costs of this action as provided by state and federal law; and

    g.    Award Plaintiff such other legal and/or equitable relief as this court may deem proper in the public interest.

Respectfully submitted,

s/Thomas S. Phillips
Thomas S. Phillips, Esq.
S.C. Bar No. 102802
Federal Court I.D. No. 13228
GUEST & BRADY, LLC
1560 Wade Hampton Boulevard
Greenville, SC 29609
thomasphillips@guestbrady.com
(864) 233-1700

Matthew R. Ozment, Esq.
S.C. Bar No. 80072
Federal Court I.D. No. 12403
GROVE OZMENT, LLC
100 Williams Street
Greenville, SC 29601
matt@go-lawyers.com
(864) 516-2222

ATTORNEYS FOR PLAINTIFF

October 7, 2022
Greenville, South Carolina